UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JASON R. MORSE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 05-169-P-S |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants ) | |

### *DECISION RECOMMENDING DISMISSAL OF COMPLAINT*

Jason R. Morse has filed a civil complaint purporting to sue the United States of America, three of its agencies, and the United States Probation and Pretrial Services Office. Specifically, Morse wants to sue the Veterans' Bureau because his benefits were reduced while he was imprisoned, the Bureau of Alcohol Tobacco and Firearms because of their investigation that led to his conviction, and United States Probation and Pretrial Services because he does not want to submit to a DNA test as part of his supervised release. It is unclear what relief is sought from the United States and the Justice Department, the other two named defendants. However, Morse does seek $80,000.00 in damages and/or a monthly "restitution fee" of $10,000.00 from one or all of the defendants.

I now recommend the court **DISMISS** this complaint because it utterly and completely fails to state any cognizable claim. If Morse wishes to collaterally attack his underlying conviction, 28 U.S.C. § 2255 provides the sole remedy. If he wishes to challenge the conditions of his supervised release, he could do so in the context of the

criminal case. In any event this complaint does not state a claim regarding DNA testing. His own attachment to the complaint explains his due process rights in connection with an appeal of the denial of his VA benefits; filing an independent lawsuit in this court without exhausting his administrative remedies is not an option. If Morse seeks monetary damages against the United States of America or any of its agencies he would have to plead a claim that came within the Federal Tort Claims Act. See 28 U.S.C. §§ 1346(b), 2671-2680. This he has not done. All of Morse's claims fail and they should be dismissed by this court.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

September 9, 2005.

/s/ Margaret J. Kravchuk  
U.S. Magistrate Judge